457 F.2d 1399
 Fed. Sec. L. Rep. P 93,433
ERNST & ERNST et al., Petitioners,
v.
UNITED STATES DISTRICT COURT FOR the SOUTHERN DISTRICT OF
TEXAS, and the Honorable Allen B. Hannay, Judge of
Said Court, Respondents.
 No. 30097.
 United States Court of Appeals,
Fifth Circuit.
 April 3, 1972.
 
 Grant Cook, Houston, Tex., for Ernest M. Hall, Jr.
 E. D. Vickery, of Royston, Rayzor & Cook, Houston, Tex., Frank C. Heath, Patrick F. McCartan, of Jones, Day, Cockley & Reavis, Cleveland, Ohio, for Ernst & Ernst, Newman T. Halverson, Clarence T. Isensee and John F. Maurer.
 William T. Kirby, James T. Griffin, of Hubachek, Kelly, Rauch & Kirby, Chicago, Ill., Ben H. Schleider, Jr., of Dillingham & Schleider, Houston, Tex., for A. G. Becker and Co., Inc. and Daniel J. Good.
 William R. Eckhardt, of Vinson, Elkins, Searls & Connally, Houston, Tex., for David C. Bintliff, Brazos Valley Cotton Oil Co., Inc. and Jack G. Taylor.
 J. Edwin Fleming, Patrick E. Higginbotham, Ernest E. Figari, Jr., Charles R. Haworth, of Coke & Coke, Dallas, Tex., for First National Bank in Dallas, Gene H. Bishop and William D. Breedlove.
 John G. Tucker, J. Hoke Peacock, II, of Orgain, Bell & Tucker, Beaumont, Tex., for Paine, Webber, Jackson & Curtis.
 
 
 1
 B. J. Bradshaw, James C. Slaughter, of Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Tex., for Bank of the Southwest National Assn. of Houston.
 
 
 2
 Ray G. Besing, of Geary, Brice & Lewis, Dallas, Tex., for Goodkind & Co., Inc. and Ling & Co., Inc.
 
 
 3
 Robert E. Morse, Jr., of Vinson, Elkins, Searls & Connally, Houston, Tex., for Kenneth W. Dusek.
 
 
 4
 Richard P. Keeton, of Vinson, Elkins, Searls & Connally, Houston, Tex., for Arthur Belfer.
 
 
 5
 Duncan Boeckman, of Golden, Burrow, Potts & Boeckman, Dallas, Tex., for Weber, Hall, Cobb & Caudle, Inc.
 
 
 6
 John A. Murray, Jr., of Ramsey & Murray, Houston, Tex., John J. Enright, of Arvey, Hodes & Mantynband, Chicago, Ill., for John M. Pogue, Jr.
 
 
 7
 Raymond A. Cook, James W. Dilworth, Houston, Tex., Fred Knapp, Jr., of Andrews, Kurth, Campbell & Jones, Houston, Tex., for respondents.
 
 
 8
 Before GODBOLD, CLARK and INGRAHAM, Circuit Judges.
 
 PER CURIAM:
 
 9
 In this case, in which a writ of mandamus is sought, our order entered February 25, 1971, Ernst & Ernst v. United States District Court, 439 F.2d 1288 (5th Cir. 1971), directed that further consideration be given by the District Court to several issues, including that of whether in a massive suit pending in the Southern District of Texas the Trustee in Chapter X reorganization of Westec Corporation can maintain a class action on behalf of a class composed of many thousands of persons who purchased or made loans against Westec stock over a period of some two years prior to the collapse in the market for Westec shares, and who have claims alleged to aggregate approximately forty million dollars. We ordered that, after further limited proceedings had been conducted in the pending action below to carry out the directions of this Court, the parties file a supplemental record, report to us the status of the case and inform us of the action, if any, then sought of us in this suit for mandamus. We suggested that, if there remained any unresolved issues, the District Court consider again certifying them for review under 28 U.S.C. Sec. 1292(b). Pending the further development of the case which we directed, we retained jurisdiction of the petition for mandamus and stayed all other proceedings in the District Court.
 
 
 10
 The parties have complied with our directions. The Trustee asks that we now deny the petition for the writ. The petitioners ask that we grant it with respect to almost all issues previously asserted plus several new issues as well. The District Court has again declined to certify any questions for review under Sec. 1292(b).
 
 
 11
 The petition is in all respects denied except as to the matter of whether the Trustee can prosecute the class action. The petition is granted to the extent that the District Court shall designate an additional representative of the class to appear as plaintiff along with the Trustee, such representative to be one with respect to whom the objections made to the Trustee's serving as representative are not applicable.
 
 
 12
 The petition for writ of mandamus is denied in part and granted in part. The stay is dissolved.